UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHERI SOUZA,
        Plaintiff,

v.

UNITED PARCEL SERVICE, INC. and THE UPS STORE, INC.,
        Defendants.

Civil Action No. 18-cv-11292

**DEFENDANTS UNITED PARCEL SERVICE, INC. AND THE UPS STORE, INC.'S MEMORANDUM IN SUPPORT OF ASSENTED-TO MOTION TO PERMIT TWO WITNESSES TO TESTIFY REMOTELY AT TRIAL**

Defendants United Parcel Service, Inc. ("UPS") and The UPS Store, Inc. (together, "Defendants") submit this Memorandum in support of their assented-to motion to permit two witnesses to testify remotely at trial, via videoconference transmission.

**FACTUAL BACKGROUND**

This case consists of a claim, brought under Chapter 93A of the Massachusetts General Laws based upon Plaintiff's allegations that UPS induced her into entering into a contract with UPS to ship packages via UPS during a telephone call that Plaintiff had with a UPS customer service representative.

Defendants have identified two witnesses to testify at trial regarding this telephone call, among other things:

1. Ahman Duncan ("Ms. Duncan"), who works as a GBS Customer Operations Representative in Newport News, Virginia, is a UPS customer service representative with whom Plaintiff spoke over the telephone. (*See* Declaration of Jodi K. Miller ("Miller Dec."), submitted herewith, ¶ 2.)

2. Kristen Binns ("Ms. Binns"), an International Operations Manager for UPS in Newport News, Virginia, is Ms. Duncan's manager, and an individual with

1

>knowledge of UPS's applicable rules, protocols and practices with respect to UPS customer service. (*See* Miller Dec. ¶ 3.)

(*See* Dkt. No. 55.) Both Ms. Binns and Ms. Duncan are employed at the UPS call center located in Newport News, Virginia, which is approximately 600 miles from the trial court. (Miller Dec. ¶ 5.)

## ARGUMENT

Federal Rule of Civil Procedure 43(a) provides that a court may permit testimony in open court by contemporaneous transmission from a different location for good cause, in compelling circumstances, and with appropriate safeguards. Fed. R. Civ. P. 43(a).

In this case, there is good cause, and compelling circumstances, sufficient to permit Ms. Binns and Ms. Duncan to appear at trial remotely. Both witnesses work in Newport News, Virginia, a location 600 miles from the federal courthouse in Boston. *Cf. Guccione v. Harrah's Mktg. Servs. Corp.*, No. 06 CIV. 4361PKL, 2009 WL 2337995, at *8 (S.D.N.Y. July 29, 2009) (citing common practice of having witnesses beyond court's subpoena power testify by remote means or via video recorded depositions). Defendants seek to present the testimony of these two witnesses remotely to minimize time away from their current employment. Remote appearances by Ms. Binns and Ms. Duncan are particularly appropriate in the circumstances of this case, as the factual basis for their testimony centers on a telephone conversation that Plaintiff placed from Massachusetts to the UPS call center in Virginia.

Appropriate safeguards are in place to assure the efficient, clear, and otherwise "accurate" transmission of Ms. Binn's and Ms. Duncan's remote testimony. *See* Fed. R. Civ. P. 43(a), Advisory Committee's Note to 1996 Amendment ¶¶ 8, 9 (safeguards protecting

"accuracy" of transmission and advanced notice to opposing party are "appropriate").  The courtroom in which this trial will proceed has the technological capacity for remote appearances, as portable video conferencing equipment is available upon request.[1]  To the extent the testimony of these two witnesses involves the introduction of documentary evidence, the court is also equipped with a document camera that is separate from the electronic display system, which would allow the witness testimony and exhibits to be viewed simultaneously.

Finally, UPS has raised this issue sufficiently in advance of trial and in a form that invites, rather than usurps the opportunity for, reasonable opposition.  *See* Fed. R. Civ. P. 43(a), Advisory Committee's Note to 1996 Amendment ¶ 9.  Plaintiff, however, has indicated that she assents to the relief requested in this motion, further supporting the compelling basis for allowing these two witnesses to testify remotely.  *See id*. ¶ 6 ("Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission").

## CONCLUSION

For the above reasons, the court should allow Defendant's motion to permit two out-of-state witnesses – Kristen Binns and Ahman Duncan – to testify remotely at trial, via video conference transmission.

---

[1] *See* http://www.mad.uscourts.gov/boston/young.htm (last visited May 2, 2019).  The courtroom is also equipped with a fully integrated evidence presentation system, through which each attorney, the Court and staff, and all jurors will be able to view the testimony of these witnesses.  *Id*.

Respectfully submitted,

Counsel for Defendant,
UNITED PARCEL SERVICE, INC.

Dated:  May 7, 2019

*/s/ Jodi K. Miller*
Jodi K. Miller, BBO No. 625089
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA  01115-5507
Tel. (413) 272-6249
Fax (413) 272-6804
jmiller@bulkley.com

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2019.

*/s/ Jodi K. Miller*
Jodi K. Miller

3096056v1

4